U.S. Bank N.A. v Cullen (2025 NY Slip Op 04593)

U.S. Bank N.A. v Cullen

2025 NY Slip Op 04593

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-07775 
2022-09735
2022-09736
 (Index No. 52821/17)

[*1]U.S. Bank National Association, etc., appellant,
v
William H. Cullen, etc., et al., respondents, et al., defendants.

Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for appellant.
Clair Gjertsen & Weathers PLLC, White Plains, NY (Brett M. Milchman of counsel), for respondents.
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order the Supreme Court, Westchester County (Sam D. Walker, J.), dated August 1, 2022, (2) an order of the same court dated October 3, 2022, and (3) a judgment of the same court dated October 3, 2022. The order dated August 1, 2022, insofar as appealed from, upon renewal, in effect, vacated an order of the same court dated May 18, 2020, granting that branch of the plaintiff's motion which was to confirm a referee's report dated January 24, 2020, made after a nonjury trial, and thereupon denied that branch of the plaintiff's motion and granted those branches of the motion of the defendants William H. Cullen and Maria Cullen which were to vacate an order of the same court dated November 9, 2020, inter alia, appointing a referee to compute the amount due to the plaintiff and to dismiss the complaint insofar as asserted against them. The order dated October 3, 2022, insofar as appealed from, denied those branches of the plaintiff's motion which were to confirm a referee's report dated June 1, 2022, and for a judgment of foreclosure and sale. The judgment, upon the order dated August 1, 2022, in effect, is in favor of the defendants William H. Cullen and Maria Cullen and against the plaintiff dismissing the complaint insofar as asserted against those defendants.

DECISION & ORDER
Motion by the defendants William H. Cullen and Maria Cullen to dismiss the appeals on the ground that the action has been deemed discontinued pursuant to RPAPL 1301(3). By decision and order on motion of this Court dated December 15, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the judgment on the ground that the action has been deemed discontinued pursuant to RPAPL 1301(3) is granted, and those branches of the motion which are to dismiss the appeals from the orders dated [*2]August 1, 2022, and October 3, 2022, are denied as academic; and it is further,
ORDERED that the appeals from the orders dated August 1, 2022, and October 3, 2022, are dismissed; and it is further,
ORDERED that the appeal from the judgment is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendants William H. Cullen and Maria Cullen.
In February 2001, the defendants William H. Cullen and Maria Cullen (hereinafter together the defendants) executed a note in the sum of $375,000, which was secured by a mortgage on certain real property located in Pelham. In March 2017, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. The defendants interposed an answer in which they asserted, inter alia, an affirmative defense that the plaintiff failed to comply with RPAPL 1304.
After a nonjury trial before a court attorney referee, in an order dated May 18, 2022, the Supreme Court granted that branch of the plaintiff's motion which was to confirm the court attorney referee's report dated January 24, 2020. The court thereafter issued an order dated November 9, 2020, among other things, appointing a referee to compute the amount due to the plaintiff.
Subsequently, the defendants moved, inter alia, for leave to renew their opposition to that branch of the plaintiff's motion which was to confirm the court attorney referee's report based on a change in the law that would have changed the prior determination, to vacate the order dated November 9, 2020, and to dismiss the complaint insofar as asserted against them. In an order dated August 1, 2022, the Supreme Court granted that branch of the defendants' motion which was for leave to renew and, upon renewal, denied that branch of the plaintiff's motion which was to confirm the court attorney referee's report and granted those branches of the defendants' motion which were to vacate the order dated November 9, 2020, and to dismiss the complaint insofar as asserted against them. Thereafter, in an order dated October 3, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were to confirm the referee's report of computation and for a judgment of foreclosure and sale. In a judgment dated October 3, 2022, the court, in effect, dismissed the complaint insofar as asserted against the defendants. The plaintiff appeals.
The appeals from the orders dated August 1, 2022, and October 3, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248).
RPAPL 1301(3), as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]), states that "[w]hile the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought." RPAPL 1301(3), as amended, further states that "[t]he procurement of such leave shall be a condition precedent to the commencement of such other action and . . . in the event such other action is commenced without leave of the court, the former action shall be deemed discontinued upon the commencement of the other action, unless prior to the entry of a final judgment in such other action, a defendant raises the failure to comply with this condition precedent therein, or seeks dismissal thereof based upon a ground set forth in [CPLR 3211(a)(4)]."
Here, the plaintiff concedes that on March 13, 2023, subsequent to the filing of its notices of appeal with this Court and, notably, without leave of court, it commenced another action against the defendants, among others, to foreclose the same mortgage debt (hereinafter the 2023 action). There is no evidence in the record that the defendants raised the failure to comply with this condition precedent as a defense in the 2023 action or that they sought dismissal of the complaint in the 2023 action pursuant to CPLR 3211(a)(4), nor do the parties claim to the contrary.
Based on the plaintiff's failure to secure leave of court prior to the commencement of a second action against the same defendants to foreclose the same mortgage, pursuant to RPAPL 1301(3), as amended, this action was deemed discontinued as of March 13, 2023, the date the plaintiff commenced the 2023 action. Accordingly, we grant that branch of the defendants' motion which is to dismiss the appeal from the judgment and dismiss the appeal from the judgment.
The plaintiff's remaining contentions either need not be reached in light of our determination or are improperly raised for the first time in the plaintiff's reply brief (see 2078 Mgt., LLC v US Bank Trust, N.A., 229 AD3d 662, 665).
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court